FILED SEP 20 2013
Clerk, U.S. District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| UNITED STATES OF AMERICA, | CR 09-96-GF-DLC-RKS |
|---|---|
| Plaintiff, | |
| vs. | ORDER |
| HEATHER WISBY STEWART, | |
| Defendant. | |

This case was referred to United States Magistrate Judge Keith Strong for a revocation hearing and findings and recommendations. Judge Strong entered findings and recommendations on August 29, 2013. He found that Defendant violated the Preamble to Standard Conditions of her supervised release by admitting to using methamphetamine. Judge Strong recommends that this Court revoke Defendant's supervised release and commit her to the custody of the United States Bureau of Prisons for a term of imprisonment of 15 months with no supervised release. Defendant timely objected to Judge Strong's recommendation and is therefore entitled to *de novo* review of the specified findings or recommendations to which she objects. 28 U.S.C. § 636(b)(1). The portions of

1

the findings and recommendations not specifically objected to will be reviewed for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.,* 656 F.2d 1309, 1313 (9th Cir. 1981).

This Court agrees with Judge Strong's finding that Defendant violated the Preamble to Standard Conditions of her supervised release by using methamphetamine. Defendant admitted to the violation and allocuted before Judge Strong. Judge Strong is also correct that the United States Sentencing Guidelines call for 4 to 10 months imprisonment, and a term of supervised release up to 36 months less any custodial time imposed.

Defendant objects to Judge Strong's recommended sentence on the basis that he considered a statement she made to probation officers while in custody without being advised of her *Miranda* rights. Defendant hid from law enforcement once learning that a warrant had been issued for her arrest, and she was eventually found in a junkyard trailer guarded by vicious dogs. Law enforcement had to pepper spray the dogs to reach Defendant and the pepper spray impacted some of the arresting officers. After arresting Defendant, one of the officers asked her why she did not turn herself in, and she responded that the result would be the same whether she turned herself in or not. This is the statement Defendant argues was improperly considered by Judge Strong.

This Court agrees that a sentence of 15 months custody followed by no supervised release is appropriate given Defendant's history of prior supervised release violations and her utter failure to take advantage of any of the opportunities for recovery provided to her by the United States Probation Office. Defendant was warned after a positive drug test in May of this year, and was provided outpatient substance abuse treatment. Her probation officer made arrangements for her to receive inpatient treatment when she tested positive again in July, but instead of going to treatment Defendant absconded. Defendant's actions put law enforcement officers at risk, and it is her actions–not any statements she made to law enforcement after her arrest–that warrant an above-guidelines sentence. Defendant showed no contrition at the revocation hearing and has made little effort to cooperate in her treatment plans. Disregarding Defendant's post-arrest statements entirely, the Court still agrees with Judge Strong's recommendation. Defendant has continued to use illicit drugs while on supervision, absconded from law enforcement and refused to attend inpatient treatment, and put law enforcement officers at risk by fleeing. These factors justify an above-guidelines sentence and Judge Strong's recommendations will be adopted in full.

IT IS ORDERED that Judge Strong's Findings and Recommendations (doc.

29) are ADOPTED in full and Judgment shall be entered accordingly.

DATED this 20th day of September, 2013.

*[signature]*
Dana L. Christensen, Chief Judge
United States District Court